# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **JAMILLA JOHNSON-BROOKS**, individually and on behalf of her minor son, Zaiden Brooks, <br><br> Plaintiff, <br><br> v. <br><br> **ADVOCATE HEALTH AND HOSPITAL CORPORATION**, an Illinois not for profit corporation; **ADVOCATE HEALTH CARE NETWORK**, an Illinois not for profit corporation; and, **TRI-STAR BENEFIT SYSTEMS, INC.**, a Missouri corporation, <br><br> Defendants. | Case No. 15 C 1081 |

## MEMORANDUM ORDER

Defendants Advocate Health and Hospitals Corporation, Advocate Health Care Network and Tri-Star Benefit Systems, Inc., have filed their Answer and Affirmative Defenses to the Complaint brought against them by Jamilla Johnson-Brooks, both individually and on behalf of her minor son Zaiden Brooks. This memorandum order is issued sua sponte, in lesser part because of one problematic aspect of the answer but primarily to inquire into the key basis on which defendants rely as a defense to the claimed ERISA and COBRA foundation for this lawsuit.

To begin with the lesser issue, defense counsel have coupled a host of invocations of the disclaimer provisions of Fed. R. Civ. P. ("Rule") 8(b)(5) (Answer ¶¶ 13, 17-25, 36, 43 and 49) with the assertion "and therefore deny same." That is of course oxymoronic -- how can a pleader, having disclaimed even enough information to form a <u>belief</u> as to the truth of a

plaintiff's allegations then go on to <u>deny</u> those selfsame allegations in accordance with the objective and subjective good faith demanded by Rule 11(b)(3)? Accordingly the offending above-quoted locution will be stricken from the Answer wherever it appears.

More substantively, the Answer and some of the ADs repeatedly challenge the Complaint on the ground that the employee benefit plan involved is exempt from both ERISA and COBRA under the "church plan" exemption established by 29 U.S.C. §§ 1002(33) and 1003(b)(2). Because that contention is assertedly fatal to the lawsuit here, it seems eminently sensible to require defense counsel to file a motion for dismissal and supporting memorandum limited to that issue, with copies delivered to this Court's chambers, on or before April 22, 2015. This action is then set for a status hearing at 9 a.m. April 28, 2015 to discuss that issue (and perhaps any others that call for threshold treatment).

_____
Milton I. Shadur
Senior United States District Judge

Date: April 7, 2015